**Exhibit A**

**Exhibit A**

**Exhibit A**

Electronically Filed
8/30/2023 3:19 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Alex J. De Castroverde
Nevada Bar No. 6950
Orlando De Castroverde
Nevada Bar No. 7320
**DE CASTROVERDE LAW GROUP**
1149 South Maryland Pkwy
Las Vegas, NV 89104
Tel:  702.964.1749
Fax: 702.383.8741
Email: Kimberly@decastroverdelaw.com
Attorneys for Plaintiff

CASE NO: A-23-876913-C
Department 4

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| PHILIP ROBERT REYNOLDS, JOHN BRIGHAM LAWSON<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART TRANSPORTATION, LLC; DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**COMPLAINT** |

Comes Now, Plaintiffs PHILIP ROBERT REYNOLDS and JOHN BRIGHAM LAWSON, by and through their attorneys of record, Alex De Castroverde and Orlando De Castroverde, and complain against Defendant as follows:

**Jurisdiction**

1. The Eighth Judicial District Court has jurisdiction of this civil tort action pursuant to NRCP 8(a)(4), NRS 13.040, and NRS 41.130, as the occurrence giving rise to this matter took place in Clark County, Nevada, and the amount in controversy exceeds $15,000.00.

2. All the events alleged in this Complaint took place in Clark County, Nevada.

3. Plaintiffs PHILIP ROBERT REYNOLDS and JOHN BRIGHAM LAWSON, are, and at all times mentioned in this Complaint were, residents of Clark County, Nevada.

1

4.  Upon information and belief, that at all times relevant to this action DEFENDANT WAL-MART TRANSPORATION, LLC (hereinafter referred to as "DEFENDANT WAL-MART TRANSPORTATION"), was an entity doing business in the State of Nevada and was the registered owner of the vehicle being driven by DEFENDANT DOE DRIVER at the time of the incident herein described and was directing the course and scope of the actions of DEFENDANT, and each of them, at the time of the incident herein described.

5. The true names and capacities of the Defendants, DOE I through X and the Defendants ROE I through X are unknown to Plaintiffs at this time. Therefore, Plaintiff sues these Defendants by such fictitious names and when their true names and capacities are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff believes each of these Defendants designated as a DOE or ROE is responsible in some manner for the injuries and damages suffered by Plaintiff.

## **Specific Allegations**

6. On January 7, 2023, Plaintiffs were traveling northbound on the rightmost travel lane of U.S. 95 Highway, in Las Vegas, Nevada.

7. Defendant DOE DRIVER was also traveling northbound, on the third travel lane of U.S. 95 Highway, to the left of Plaintiffs, in Las Vegas, Nevada.

8. Defendant DOE DRIVER, merged into Plaintiff's travel lane, and collided with Plaintiff's vehicle.

9. Defendant DOE DRIVER was driving a commercial vehicle 2020 Freight Tractor SE with a logo identifying it as "Walmart" vehicle.

10. Plaintiffs took photos of Defendant's vehicle.

11. Defendant DOE DRIVER instructed Plaintiffs to follow him to a nearby Walmart store to exchange information.

12. As Plaintiffs followed Defendant, he fled without providing any information.

13. Because Defendant DOE DRIVER fled the scene, his identity is currently unknown.

14. Defendant WAL-MART TRANSPORATION, was the registered owner of the vehicle at the time of the collision.

15. Upon information and belief, DOE DRIVER was an agent or employee of Defendant WAL-MART TRANSPORTATION, and/or another DOE entity or ROE CORPORATION.

16. As a result of this collision, Plaintiffs suffered bodily injury, pain, and suffering.

17. Defendant DOE DRIVER, owed Plaintiff a duty to use due care when merging lanes, drive in a reasonably safe manner, and use due care when maneuvering the vehicle.

18. Because Defendant DOE DRIVER, failed to use due care when merging lanes, drive in a reasonably safe manner, and use due care when maneuvering the vehicle, Defendant DOE DRIVER, breached that duty.

19. As a proximate result of that breach, Plaintiffs suffered damages which include, but are not limited to: medical specials, pain and suffering, and bodily injuries.

20. Nevada Revised Statutes Chapter 484B provides Rules of the Road which require drivers to obey the rules of the road.

21. These statutes are intended to protect classes of persons like Plaintiff.

22. These statutes are intended, among other things, to prevent injuries similar to the injuries suffered by Plaintiff.

23. As a result of Defendant's negligence per se, Plaintiff suffered damages as described in paragraph 15.

24. Additionally, Defendant fled the scene following the collision, failing to stop and render aid pursuant to NRS 484E.020 and NRS 484E.030.

25. The Defendants, including Defendant WAL-MART TRANSPORATION, and each of them, had a duty to promote public safety by conducting reasonable background checks of their agents and/or employees; by contracting and/or hiring individuals who were fit and competent to perform their jobs without causing harm to others; by providing proper training to its agents and/or employees so as to ensure they were performing their work in a competent and safe manner.

26. The Defendants, and each of them, breached that duty in the following respects, amongst others:

   By not conducting reasonable background checks on its agents and/or employees;

   By not hiring proper and fit entities and/or individuals to perform its work;

   By not adequately training its agent and/or employees to operate equipment or provide services in a safe manner;

   By not providing proper supervision and control over said individuals to maintain the safety of others;

   By not otherwise exercising due care in the hiring and/or supervision of said entities and/or individuals;

   By encouraging its agents and/or employees to drive distracted by sending work orders and assignments to them while they were in route with other passengers; and

   By creating, as a mode of operation, the dangerous practice of regularly distracting its drivers while driving, to include their use of cellular phones and apps that is unsafe and illegal.

4

27. As a direct and proximate result of the negligent contracting and/or hiring, Plaintiff sustained the injuries and damages previously alleged within this Complaint.

## Conclusion

Plaintiffs have been required to retain the services of an attorney to prosecute this action.

WHEREFORE, Plaintiffs, expressly reserving the right to amend this Complaint, pray for judgment against Defendant as follows:

1. General damages in excess of $15,000;
2. Special damages in excess of $15,000;
3. Punitive damages in excess of $15,000;
4. Attorney's fees and costs;
5. Interest at the statutory rate; and
6. For such other and further relief as the Court deems just and proper.

DATED this 30th day of August, 2023.

**DE CASTROVERDE LAW GROUP**

By: */s/Kimberly Valentin*
Kimberly Valentin
Nevada Bar No. 12509
1149 S. Maryland Parkway
Las Vegas, Nevada 89104
Attorneys for Plaintiff

5