**SAO**
Alex J. De Castroverde
Nevada Bar No. 6950
Orlando De Castroverde
Nevada Bar No. 7320
**DE CASTROVERDE LAW GROUP**
1149 South Maryland Pkwy
Las Vegas, NV 89104
Tel: 702.964.1749
Fax: 702.383.8741
Email: Kimberly@decastroverdelaw.com
Email: Millie@decastroverdelaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILIP ROBERT REYNOLDS, JOHN BRIGHAM LAWSON

Plaintiffs,

v.

WAL-MART TRANSPORTATION, LLC; DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,

Defendants.

CASE NO.: 2:23-cv-02020-APG-BNW

**STIPULATION AND ORDER TO AMEND COMPLAINT**

IT IS HEREBY STIPULATED AND AGREED by and between the parties of record, Kimberly Valentin, Esq.; Millie Mummery, Esq.; on behalf of Plaintiffs PHILIP ROBERT REYNOLDS and JOHN BRIGHAM LAWSON, and Bruce S. Dickinson, Esq., on behalf of Defendant WAL-MART TRANSPORTATION, LLC, that Plaintiff be given leave to amend the Complaint as follows:

1. Add Defendant MICHAEL MURRY to this action; and

2. Amend Case Caption to include Defendant MICHAEL MURRY.

IT IS FURTHER STIPULATED AND AGREED that the amended Complaint and caption relates back to the date of the filing of the original Complaint.

Respectfully submitted by:

Dated this 6th day of February, 2024.

**DE CASTROVERDE LAW GROUP**

_/s/ Millie Mummery_
Kimberly Valentin
Nevada Bar No. 12509
Millie Mummery
Nevada Bar No. 16594
1149 South Maryland Pkwy.
Las Vegas, Nevada 89104
*Attorneys for Plaintiff*

Approved as to form and content:

Dated this 6th day of February, 2024.

**THORNDAL ARMSTRONG, PC**

_/s/Bruce Dickinson_
Bruce Scott Dickinson
Nevada Bar No. 002297
1100 E. Bridger Ave.,
Las Vegas, NV 89101
*Attorney for Defendant*

Case Name: Reynolds et al. v. Wal-Mart Transportation LLC
Case No.: 2:23-cv-02020-APG-BNW

**ORDER**

**IT IS SO ORDERED** that Plaintiffs, PHILIP ROBERT REYNOLDS and JOHN BRIGHAM LAWSON, are allowed leave to amend Complaint to add Defendant MICHAEL MURRY in this action.

**IT IS FURTHER ORDERED** that the Clerk of Court amend the caption to add MICHAEL MURRY as a Defendant.

**IT IS FURTHER ORDERED** that the amended Complaint and caption relate back to the date of the filing of the original Complaint.

DATED this 7 day of February, 2023.

______________________________
UNITED STATES MAGISTRATE JUDGE

Submitted by:
DE CASTROVERDE LAW GROUP

*/s/ Millie Mummery*
Kimberly Valentin
Nevada Bar No. 12509
Millie Mummery
Nevada Bar No. 16594
1149 South Maryland Pkwy.
Las Vegas, Nevada 89104
Attorneys for Plaintiff

## Solange Cardenas

| | |
|---|---|
| **From:** | Bruce S. Dickinson <bsd@thorndal.com> |
| **Sent:** | Monday, January 22, 2024 11:28 AM |
| **To:** | Solange Cardenas |
| **Cc:** | Kimberly Valentin; Millie Mummery; Star Farrow-Plewnarz |
| **Subject:** | RE: Reynolds et al. v. Wal-Mart Transportation LLC |

On behalf of Walmart, we are ok with the filing of the revised amended complaint.

You have my ok to e-sign the stipulation and submit to the court.

Thanks for your courtesy.

Bruce

---

**From:** Solange Cardenas <Solange@dlgteam.com>
**Sent:** Monday, January 22, 2024 10:59 AM
**To:** Bruce S. Dickinson <bsd@thorndal.com>
**Cc:** Kimberly Valentin <kimberly@dlgteam.com>; Millie Mummery <Millie@dlgteam.com>; Star Farrow-Plewnarz <sfp@thorndal.com>
**Subject:** RE: Reynolds et al. v. Wal-Mart Transportation LLC

Good morning Mr. Dickinson,

I would like to follow up on my previous email where I circulated a revised Amended Complaint for your review and approval. May you kindly advise if we have your permission to affix your electronic signature to the Proposed SAO for submission to the Court?

Thank you.




**Solange Cardenas**
**Case Manager**
Solange@dlgteam.com | dlgteam.com
**P** 702.222.9999 **F** 702.383.8741

**DOWNTOWN LAS VEGAS**
1149 S. Maryland Pkwy
Las Vegas, NV 89104

**TIVOLI VILLAGE SUMMERLIN**
410 S. Rampart Blvd, Ste 480
Las Vegas, NV 89145

**HENDERSON**
9555 S. Eastern Ave, Ste 200
Las Vegas, NV 89123

**RENO**
275 Hill St, Ste 300
Reno, NV 89501

**SAN FRANCISCO BAY AREA**
1111 Broadway, Ste 300
Oakland, CA 94607

**AUSTIN**
801 Barton Springs Rd
Austin, TX 78704

Alex J. De Castroverde
Nevada Bar No. 6950
Orlando De Castroverde
Nevada Bar No. 7320
**DE CASTROVERDE LAW GROUP**
1149 South Maryland Pkwy
Las Vegas, NV 89104
Tel: 702.964.1749
Fax: 702.383.8741
Email: Kimberly@decastroverdelaw.com
Email: Millie@decastroverdelaw.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILIP ROBERT REYNOLDS, JOHN BRIGHAM LAWSON

Plaintiffs,

v.

WAL-MART TRANSPORTATION, LLC; MICHAEL MURRY; DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,

Defendants.

CASE NO.: 2:23-cv-02020-APG-BNW

**FIRST AMENDED COMPLAINT**

Comes Now, Plaintiffs PHILIP ROBERT REYNOLDS and JOHN BRIGHAM LAWSON, by and through their attorneys of record, Alex De Castroverde and Orlando De Castroverde, and complain against Defendant as follows:

**Jurisdiction**

1. All the events alleged in this Complaint took place in Clark County, Nevada.
2. Plaintiffs PHILIP ROBERT REYNOLDS and JOHN BRIGHAM LAWSON, are, and at all times mentioned in this Complaint were, residents of Clark County, Nevada.
3. Defendant MICHAEL MURRY is, and at all times mentioned in this Complaint was, resident of San Bernardino County, California.

4. Defendant WAL-MART TRANSPORTATION, LLC (hereinafter referred to as "DEFENDANT WAL-MART TRANSPORTATION) is, and at all times mentioned in this Complaint was, a Delaware limited liability company doing business in Clark County, Nevada.

5. The amount in controversy exceeds $75,000.00.

6. This Court has jurisdiction under 28 U.S.C. § 1332.

7. Upon information and belief, that at all times relevant to this action DEFENDANT WAL-MART TRANSPORATION, LLC (hereinafter referred to as "DEFENDANT WAL-MART TRANSPORTATION"), was an entity doing business in the State of Nevada and was the registered owner of the vehicle being driven by DEFENDANT MICHAEL MURRY at the time of the incident herein described.

8. Upon information and belief, DEFENDANT WAL-MART TRANSPORTATION was directing the course and scope of the actions of DEFENDANT MICHAEL MURRY at the time of the incident herein described.

9. The true names and capacities of the Defendants, DOE I through X and the Defendants ROE I through X are unknown to Plaintiffs at this time. Therefore, Plaintiff sues these Defendants by such fictitious names and when their true names and capacities are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff believes each of these Defendants designated as a DOE or ROE is responsible in some manner for the injuries and damages suffered by Plaintiff.

**Specific Allegations**

10. On January 7, 2023, Plaintiffs were traveling northbound on the rightmost travel lane of U.S. 95 Highway, in Las Vegas, Nevada.

11. Defendant MICHAEL MURRY was also traveling northbound, on the third travel lane of U.S. 95 Highway, to the left of Plaintiffs, in Las Vegas, Nevada.

12. Defendant MICHAL MURRY merged into Plaintiff's travel lane and collided with Plaintiff's vehicle.

13. Defendant MICHAEL MURRY was driving a commercial vehicle 2020 Freight Tractor SE with a logo identifying it as "Walmart" vehicle.

14. Plaintiffs took photos of Defendant's vehicle.

15. Defendant MICHAEL MURRY instructed Plaintiffs to follow him to a nearby Walmart store to exchange information.

16. As Plaintiffs followed Defendant MICHAEL MURRY, he fled without providing any information.

17. Defendant WAL-MART TRANSPORATION was the registered owner of the vehicle at the time of the collision.

18. Upon information and belief, MICHAEL MURRY was an agent or employee of Defendant WAL-MART TRANSPORTATION, and/or another DOE entity or ROE CORPORATION.

19. As a result of this collision, Plaintiffs suffered bodily injury, pain, and suffering.

**Cause of Action – Negligence**

20. Defendant MICHAEL MURRY owed Plaintiff a duty to use due care when merging lanes, drive in a reasonably safe manner, and use due care when maneuvering the vehicle.

21. Because Defendant MICHAEL MURRY failed to use due care when merging lanes, drive in a reasonably safe manner, and use due care when maneuvering the vehicle, Defendant MICHAEL MURRY, breached that duty.

22. As a proximate result of that breach, Plaintiffs suffered damages which include, but are not limited to: medical specials, pain and suffering, and bodily injuries.

23. Nevada Revised Statutes Chapter 484B provides Rules of the Road which require drivers to obey the rules of the road.

24. These statutes are intended to protect classes of persons like Plaintiff.

25. These statutes are intended, among other things, to prevent injuries similar to the injuries suffered by Plaintiff.

26. As a result of Defendant's negligence per se, Plaintiff suffered damages as described in paragraph 15.

27. Additionally, Defendant fled the scene following the collision, failing to stop and render aid pursuant to NRS 484E.020 and NRS 484E.030.

28. The Defendants, including Defendant WAL-MART TRANSPORATION, Defendant MICHAEL MURRY, and each of them, had a duty to promote public safety by conducting reasonable background checks of their agents and/or employees; by contracting and/or hiring individuals who were fit and competent to perform their jobs without causing harm to others; by providing proper training to its agents and/or employees so as to ensure they were performing their work in a competent and safe manner.

29. The Defendants, and each of them, breached that duty in the following respects, amongst others:

By not conducting reasonable background checks on its agents and/or employees;

By not hiring proper and fit entities and/or individuals to perform its work;

By not adequately training its agent and/or employees to operate equipment or provide services in a safe manner;

By not providing proper supervision and control over said individuals to maintain the safety of others;

By not otherwise exercising due care in the hiring and/or supervision of said entities and/or individuals;

By encouraging its agents and/or employees to drive distracted by sending work orders and assignments to them while they were in route with other passengers; and

By creating, as a mode of operation, the dangerous practice of regularly distracting its drivers while driving, to include their use of cellular phones and apps that is unsafe and illegal.

30. As a direct and proximate result of the negligent contracting and/or hiring, Plaintiff sustained the injuries and damages previously alleged within this Complaint.

## Conclusion

Plaintiffs have been required to retain the services of an attorney to prosecute this action.

WHEREFORE, Plaintiffs, expressly reserving the right to amend this Complaint, pray for judgment against Defendant as follows:

1. General damages in excess of $75,000;
2. Special damages in excess of $75,000;
4. Attorney's fees and costs;
5. Interest at the statutory rate; and
6. For such other and further relief as the Court deems just and proper.

DATED this day of February, 2024.

**DE CASTROVERDE LAW GROUP**

By:*/s/Millie Mummery*___
Kimberly Valentin
Nevada Bar No. 12509
Millie Mummery
Nevada Bar No. 16594
1149 S. Maryland Parkway
Las Vegas, Nevada 89104
Attorneys for Plaintiff