UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILIP ROBERT REYNOLDS, et al., | Case No.2:23-CV-2020  JCM (BNW) |
| Plaintiff(s), | |
| v. | ORDER |
| WAL-MART TRANSPORTATION, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendant Wal-Mart Transportation, LLC's motion for partial summary judgment.  (ECF No. 73).  No response was filed.

**I.     Background**

This is a negligence action arising from an automobile accident involving plaintiff John Brigham Lawson,[1] defendant Wal-Mart Transportation, LLC ("Wal-Mart"), and Wal-Mart's employee-driver, Michael Murray.  (*Id.* at 3; ECF No. 1, Ex. A).  Lawson alleges that Wal-Mart breached its duty of care by failing to: conduct reasonable background checks of their agents and employees; hire fit and proper drivers; and adequately train and supervise its drivers.  (ECF No. 1, Ex. A at 4).  Lawson further asserts that defendant distracted drivers by sending work orders to the driver while they were en route.  (*Id.*).  Lawson seeks to hold Wal-Mart accountable on theories of vicarious liability, negligent hiring, training, supervision, and retention.  (*Id.* at 1–4).

---

[1] Plaintiff Reynolds has been dismissed from the case.  (ECF No. 60).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet his initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies his initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient

that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

**III.    Discussion**

Wal-Mart brings the instant motion for partial summary judgment, arguing that the negligent hiring, training, supervision, and retention claims for relief is superfluous and should be dismissed because it admits that its employee-driver acted within the course and scope of employment at the time of the alleged incident (i.e., concedes vicarious liability). (ECF No. 73 at 3, 4, 9).

The Supreme Court of Nevada has not addressed whether these claims are redundant of vicarious liability. However, the majority rule in state jurisdictions is that once vicarious liability is admitted, and punitive damages are not asserted, direct negligence claims against the employer are legally void. *See, e.g.*, *Diaz v. Carcamo*, 51 Cal. 4th 1148, 126 Cal Rptr. 3d 443, 253 P.3d 535, 538 (Cal. 2011); *McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995).

The essential question is whether a direct negligence claim, such as that of negligent hiring, training, or the like, "adds anything to a direct negligence claim after the employer admits the employee was acting under the scope of his employment." *Cruz v. Durbin*, 2:11-cv-342-RCJ-

LRL, 2011 WL 1792765, 2011 U.S. Dist. LEXIS 51057, at *8 (D. Nev. May 9, 2011). The assertion of punitive damages against the employer is not superfluous, as this court and other judges in this district have recognized. *Terrell v. Cent. Wash. Asphalt, Inc.*, 168 F. Supp. 3d 1302, 1313 (D. Nev. 2016) (concluding that negligent entrustment claim was not superfluous because evidence of that claim could lead jury to award a different amount of punitive damages against the employer); *Gonzalez v. Kirk*, 2:14-cv-39 JCM (VCF), 2014 U.S. Dist. LEXIS 66928, at *5 (D. Nev. May 14, 2014); *Cruz*, 2011 U.S. Dist. LEXIS 51057, *10 (granting motion to dismiss with leave to amend complaint to request punitive damages under a negligent hiring and training claim).

Here, Lawson seeks punitive damages against Wal-Mart and its employee-driver. (ECF No. 1, Ex. A at 6). However, before Wal-Mart removed the case to this court, the Eighth Judicial District Court found that "the complaint does not properly allege the elements of punitive damages pursuant to NRS 42.007," and accordingly dismissed the punitive damages allegation without prejudice. (ECF No. 1, Ex. D at 31).

With the dismissal of the punitive damages allegation, the court finds that the claims of vicarious liability and negligent hiring, training, supervision, and retention are duplicative. Defendants bring the instant motion for partial summary judgment after the close of discovery. (*See* ECF No. 70). At this stage in the litigation, the court declines to permit Lawson leave to amend to properly request punitive damages, as doing so would unfairly prejudice Wal-Mart.

. . .

. . .

. . .

. . .

. . .

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Wal-Mart's motion for partial summary judgment (ECF No. 73) be, and the same hereby is, GRANTED.

DATED November 13, 2025.

_____
UNITED STATES DISTRICT JUDGE